[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
BACKGROUND
On January 15, 1997, after hearing nine post judgment motions of the plaintiff and defendant, this court filed a memorandum of decision dated January 13, 1997.
The plaintiff, the defendant and the Office of the Attorney General, representing the Bureau of Support Enforcement, each filed motions addressed to that memorandum.
Having heard those motions, the court hereby supplements its January 13, 1997 memorandum:
AS TO THE DEFENDANT RICHARD COOKE'S MOTION FOR CLARIFICATION(#323):
The court makes the following corrections:
The date of dissolution is February 18, 1992.
The income figure in the amount of $2,418,000.00 includes earning years prior to the date of the dissolution and, for that reason, was incorrectly cited by the court in its Memorandum dated January 13, 1997. In ascertaining the financial obligations of the parties, as set forth more specifically below, the court vacates its findings regarding said $2,418,000.00 figure and relies upon the evidence cited hereinafter.
AS TO THE PLAINTIFF MARY ALICE COOKE'S MOTION FOR RECONSIDERATION,TO RE-ARGUE AND TO ARTICULATE (#324, #324.50, #324.75):
No Motion For Spousal Support was heard during the summer of 1996. For that reason it was not part of this court's Memorandum of Decision dated January 13, 1997.
After reconsideration, the order of child support has been amended as set forth hereinbelow.
The orders for maintenance of health insurance and for CT Page 5762 payment of outstanding medical bills need no amendment or correction. The court made certain findings and entered certain sanctions against the defendant which need no articulation or reiteration.
If the plaintiff maintains that the defendant is still not in compliance with those orders, she must file the appropriate motions.
In regard to college education expenses, the court refers the parties to their agreement dated February 18, 1992, which was made part of the judgment of dissolution.
If the plaintiff believes the defendant is in breach of that agreement, she must file the appropriate motions.
There is no need to articulate the court's orders concerning IRS waivers or statements.
AS TO THE ATTORNEY GENERAL'S MOTION TO REARGUE (#322):
The court has reconsidered certain findings and orders which were contained in its memorandum dated January 13, 1997.
The court makes the following amendments and corrections to said memorandum:
The court makes no findings concerning the sum of $2,418,000.00 arguably earned by the defendant.
The court finds that the defendant had income of approximately $910,798.91 during the three years following the dissolution: 1993, 1994 and 1995. The defendant reported income in excess of $417,000.00 for 1995. (Deft.'s Testimony of May 17, 1996, and Plaintiff's Ex. 2, 19, 20, and 21).
The court further finds that the defendant has consistently maintained that his average weekly income since July 15, 1995 has been $14.00. He attributes that to the loss of his broker's license due to his conviction for forgery. The court finds that the defendant's failure to earn more than $14.00 per week is not excusable and was brought about by his own fault: to wit his conviction for the crime of forgery. Accordingly, the court finds that the defendant is not entitled to have his support obligation reduced or stayed. Sanchione vs. Sanchione, 173 Conn. 397, 407
CT Page 5763 (1977).
Based upon the previously found figure of $910,798.91, the court finds that from the date of dissolution to July 15, 1995, approximately 175 weeks, the defendant's weekly gross income has averaged out to $5,204.57. The combined income of plaintiff and defendant during those weeks has been approximately that same amount due to the fact that the plaintiff's income for that period was nominal at best.
Referring to the child support guidelines for the applicable period, the court finds that the combined income is considerably higher than the guidelines maximum of $1,750.00 per week.
AMENDED ORDER OF SUPPORT
Because the combined weekly income exceeds the Support Guideline criteria, the court is free to fashion what it considers to be an appropriate order. The court hereby orders the defendant to pay to the plaintiff for the benefit of his two minor sons the sum of $350.00 per week per child. His total weekly obligation shall be $700.00 per week for so long as each of those two sons have been eligible to receive support during that 175-week period up to July 15, 1995.
The total amount of the arrearage shall be determined by the Bureau of Support Enforcement taking into account (1) credit which the defendant is to receive for support payments already made (at the rate of $150.00 per week per child); (2) the age of each child (Alex already attained age 18 on March 11, 1995); and (3) any other factors which would offset the total obligation of the defendant. For example — The defendant is presumed to have already paid $150.00 per week for Alex's support for the subject period (February 1992 to July 1995). The obligation now having been ordered to be $350.00 per week, retroactive to February, 1992, the defendant is, de facto, in arrears at the rate of $200.00 per week for Alex for that period. This specific arrearage is what BSE is ordered to calculate and assess.
The defendant is ordered to pay to the plaintiff an initial lump sum payment of $7,500.00 toward the total arrearage within 120 days from the date of this order.
Effective immediately, the defendant is ordered to pay the balance of the yet to be determined total arrearage at the rate CT Page 5764 of $350.00 per week, in addition to the current support order as set forth hereinbelow.
This obligation is based upon the defendant's actual earnings (as opposed to earning capacity), it covers the period from February 18, 1992 to July 15, 1995, the date the defendant claims his earnings were interrupted.
Since July 15, 1995, the defendant has remained responsible for the support of his minor son Richard. It is presumed that he has paid that obligation at the rate of $150.00 per week.
The court must now determine what an appropriate support order for Richard is for the time from July 15, 1995 to the present — the time during which the defendant maintained that he has had no appreciable earnings.
Once again, the court finds that since July 15, 1995, the defendant has failed to properly exploit his business acumen, sales ability, education, and earning potential as set forth in much more specific detail at pages 11 through 13 of the court's January 13, 1997 memorandum.
The court, for those same reasons, finds that it is well within the defendant's ability to earn an annual gross income of $75,000.00 — a sum which is not even one-quarter of his income in 1995. That sum after reasonable deductions for taxes — results in approximately $1,010.00 net income per week. The guidelines permit and the court orders the defendant to pay to the plaintiff the sum of $200.00 per week for Richard's support. Again, that sum is to be in addition to the $350.00 per week ordered to be paid toward the accrued arrearage referred to above. The defendant's total weekly obligation, therefore, is $550.00 per week.
The foregoing amended support orders are the result of the court's reconsideration of its previous orders set forth in its memorandum dated January 13, 1997. The court has given full consideration to the statutory provisions regarding support and the support guidelines.
Any disputes concerning the calculation of the financial orders set forth herein shall be mediated by the Office of Support Enforcement and, if necessary, referred to a judge of the Superior Court for resolution. CT Page 5765
BY THE COURT,
/s/ Joseph W. Doherty, J. Joseph W. Doherty